UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRANETECH INC., a California corporation,<br><br>                           Plaintiff,<br><br>     v.<br><br>ADAM DAVID RICHARDSON, an individual, and NORTHWEST INTEGRITY CRANE, LLC, a Washington company,<br><br>                           Defendants. | 2:23-CV-0331-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT are Plaintiff's First and Second Motions for a Temporary Restraining Order (ECF Nos. 5, 21), and Plaintiff's First and Second Motions to Expedite the hearing for the Temporary Restraining Orders (ECF Nos. 6, 22). This matter was submitted for consideration with oral argument on November 21, 2023. Andrew Mitchell appeared on behalf of Defendants. Kimberly A Kamel, Abigail Maurer-Lesser, and Michael Raymond Merritt appeared on behalf of Plaintiff. The Court has reviewed the record and files

ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER ~ 1

herein, considered the parties' oral arguments, and is fully informed. For the reasons discussed below, Plaintiff's Motions for a Temporary Restraining Order (ECF Nos. 5, 21) are DENIED with leave to renew and Plaintiff's Motions to Expedite the hearing for the Temporary Restraining Orders (ECF Nos. 6, 22) are GRANTED.

## BACKGROUND

These motions for a temporary restraining order ("TRO") arise from an alleged breach of employment contract. Plaintiff is a California corporation that sells and repairs, among other things, commercial cranes. ECF 1 at 2, ¶ 1. Plaintiff hired Defendant Adam David Richardson as a crane technician in its Spokane, Washington branch on December 10, 2021. Id., ¶¶ 3, 4. Plaintiff alleges that Mr. Richardson unexpectedly resigned shortly after being hired, and that CraneTech Chief Executive Officer Eric Factor offered a new employment contract with monetary consideration to entice him to return. Id. at 5, ¶¶ 16, 18. In relevant part, Plaintiff's new employment contract with Mr. Richardson contained the following non-solicitation clause:

> Non-Solicitation. During Employee's employment with the Company and for a period of two (2) years following the termination of Employee's employment with the Company, for any reason, (the "Restricted Period"), Employee shall not, directly or indirectly, for himself or for or on behalf of any other Person, (a) solicit, induce, attempt to employ, or enter into any contractual arrangement with any present or former employee or independent contractor of the Company, unless such employee, former employee, or independent contractor has

ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER ~ 2

not worked for or with the Company for a period in excess of one (1) year, (b) call on or solicit any of the actual or targeted prospective customers of the Company, nor shall Employee disclose or use any information relating in any manner to the Company's trade or business relationships with such customers for Employee's own personal benefit or for the benefit of any other Person, (c) induce or attempt to induce any employee, consultant, independent contractor, or agent of the Company to leave the employ or otherwise cease to perform services for the Company or its Affiliates, or in any way interfere with the relationship between the Company (or any of its Affiliates) and any such employee, consultant, independent contractor, or agent, and/or (d) disparage, criticize, or make any negative or uncomplimentary statements or induce others to disparage, criticize, or make any negative or uncomplimentary statements regarding or with respect to the Company or any of its Affiliates, or otherwise engage in any conduct that is injurious to the Company's reputation or interests or the good morale of employees of the Company.

ECF No. 8-1 at 5.

The agreement also included separate $25,000 installments to be paid in exchange for signing the new agreement. ECF No. 8-1 at 3.

Within the scope of his employment, Mr. Richardson frequently dealt with Alutek, Plaintiff's largest client. ECF No. 1 at 10, ¶ 30. Plaintiff alleges that Mr. Factor and other at CraneTech observed Mr. Richardson send Plaintiff's sensitive information to his personal email and device, including quotes from Alutek correspondence, as well as other CraneTech customers. *Id*. at 10-11, ¶ 33.

Plaintiff alleges that Mr. Richardson had disparaged the company to Alutek and told other employees he was preparing to spirit away Plaintiff's

ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER ~ 3

1  employees and customers. *Id.* at 11, ¶¶ 34, 35. According to Plaintiff, Mr.
2  Richardson was terminated for a variety of reasons on September 5, 2023,
3  including after telling Mr. Factor that Alutek was his "golden ticket." *Id.*, ¶¶
4  37, 38.
5    After his termination, Mr. Richardson formed Northwest Integrity
6  Crane, LLC ("Northwest"), on or about September 13, 2023. *Id.* at 12, ¶ 39.
7  Plaintiff argues that Mr. Richardson is using confidential information from
8  his role with Plaintiff to gain Alutek's contract for Northwest. *Id.*, ¶ 41.
9  Parties dispute the nature of the meeting between Alutek and Mr.
10 Richardson on November 7, 2023. Plaintiff maintains that Mr. Richardson
11 conducted the meeting to begin contract negotiations. *Id.*, ¶ 42. Mr.
12 Richardson argues that Alutek sought him out for the meeting on November
13 7, 2023, and that he did not entertain a bid in light of his non-solicitation
14 agreement. ECF No. 19 at 4. Further, parties disagree as to whether Mr.
15 Richardson solicited CraneTech employee Brian Stermer to join Northwest.
16 ECF No. 1 at 13, ¶ 43; ECF No. 19 at 3.
17   Plaintiff brings two largely identical motions for a TRO and two
18 motions to expedite. ECF Nos. 5, 6, 20, 21. Plaintiff argues that immediate
19 injunctive relief is necessary to keep Mr. Richardson from executing the
20 contract with Alutek. ECF No. 21 at 2. Defendants filed a response,

ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY
RESTRAINING ORDER ~ 4

arguing that a TRO is improper because Mr. Richardson has not violated the terms of the non-solicitation agreement, and thus no contract negotiation has taken place with Alutek. ECF No. 19 at 4.

## DISCUSSION

### I. TRO Standard

Pursuant to Federal Rule of Civil Procedure 65, a district court may grant a TRO in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The analysis for granting a temporary restraining order is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). It "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

To obtain this relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weighs in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20; *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Under the *Winter* test, a plaintiff must satisfy each element for injunctive relief.

Alternatively, the Ninth Circuit also permits a "sliding scale" approach under which an injunction may be issued if there are "serious questions going to

1  the merits" and "the balance of hardships tips sharply in the plaintiff's favor,"
2  assuming the plaintiff also satisfies the two other *Winter* factors. *All. for the Wild*
3  *Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) ("[A] stronger showing of
4  one element may offset a weaker showing of another."); *see also Farris v.*
5  *Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an
6  alternate formulation of the *Winter* test, under which serious questions going to the
7  merits and a balance of hardships that tips sharply towards the plaintiff can support
8  issuance of a preliminary injunction, so long as the plaintiff also shows that there is
9  a likelihood of irreparable injury and that the injunction is in the public interest."
10 (internal quotation marks and citation omitted)).

     (1) <u>A likelihood of success on the merits</u>

12  Plaintiff seeks to enforce a non-solicitation clause found in Mr. Richardson's
13 employment contract, and thereby enjoin Mr. Richardson and Northwest from
14 directly or indirectly soliciting, diverting, or transacting business with any of
15 Plaintiff's past, present, or prospective customers, including Alutek. ECF No. 8-1
16 at 5. Per the contract, Mr. Richardson agreed to a prohibition against solicitation
17 for two years following the termination of his employment and received two
18 installations of $25,000 for signing. *Id*. at 3. Plaintiff also requests that the Court
19 enjoin Mr. Richardson from soliciting CraneTech employees for work at
20 Northwest. ECF No. 22 at 5.

ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY
RESTRAINING ORDER ~ 6

The employment contract at issue contains a choice of law provision that dictates Washington State law controls. *Id*. at 9. A federal court sitting in diversity applies the forum state's choice-of-law rules. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002). Washington courts have held that a choice of law analysis is generally not required where parties agree to a governing law by contract. *See Brown v. MHN Gov't Servs., Inc.*, 178 Wash. 2d 258, 263 (2013).

Plaintiff has provided proof of the existence of a valid employment contract, whereby Mr. Richardson received both regular and incentivized payment in exchange for his work for Plaintiff. *See generally* ECF No. 8-1. As to the non-solicitation clause, Washington Courts have held that such restrictive covenants are enforceable so long as they are reasonably necessary to protect an employer's legitimate business interest. Restatement (Second) of Contracts § 188 (1981); *see Labriola v. Pollard Group, Inc.*, 152 Wash.2d 828, 100 P.3d 791, 800. The test for a valid restrictive covenant consists of: "(1) whether restraint is necessary for the protection of the business or goodwill of the employer, (2) whether it imposes upon the employee any greater restraint than is reasonably necessary to secure the employer's business or goodwill, and (3) whether the degree of injury to the public is such loss of the service and skill of the employee as to warrant nonenforcement of the covenant." *Perry v. Moran*, 109 Wash.2d 691, 698, 748 P.2d 224 (1987).

Plaintiff has demonstrated that the non-solicitation agreement serves an

important function within the scope of Mr. Richardson's job description. While employed, Plaintiff alleges Mr. Richardson was granted access to sensitive information, including technical and nontechnical data, financial data, and customer related information. ECF No. 22 at 7. As such, Plaintiff required Mr. Richardson to sign the non-solicitation agreement, effective for two years, to protect the integrity of Plaintiff's business, and provided additional consideration in the form of a $25,000 signing bonus. ECF No. 21 at 7. However, Plaintiff provided no information, to the extent that is appropriate, the specific information Mr. Richardson would have learned while employed with Plaintiff that could be shared with others that would create the necessity for a TRO.

More importantly, Plaintiff has not produced sufficient evidence to suggest that Mr. Richardson has breached the duty set forth in his employment agreement by soliciting Plaintiff's largest customer, Alutek, through the creation of Northwest Integrity Crane, LLC. Plaintiff alleges that Mr. Richardson is attempting to entice Alutek to use his newly formed Northwest company for services related to cranes in lieu of Plaintiff. ECF No. 1 at 12, ¶ 41. Plaintiff asserts that, while still in Plaintiff's employ, Mr. Richardson used his personal email address and device to send himself proprietary information from Plaintiff and to communicate with established clients, including Alutek. *Id*. at 14, ¶ 43. As recently as November 7, 2023, Plaintiff asserts that Mr. Richardson met with Alutek to discuss contracted

crane service for 2024. *Id.,* at 12 ¶ 42. Plaintiff asserts that Mr. Richardson intends to submit a bid for the 2024 crane work with Alutek by November 21, 2023. ECF No. 21 at 8.

However, these allegations are speculative at this stage of the proceeding. Plaintiff does not present relevant information disclosing what information Mr. Richardson sent himself through his personal email as it relates to Alutek, nor has it shown that Mr. Richardson violated his contract through solicitation of either Alutek or other CraneTech employees. Mr. Richardson maintains that Alutek approached him, and that he declined to participate in any negotiations with them due to his non-solicitation agreement. ECF No. 19 at 4. He also denies employing former CraneTech employee Mr. Stermer. *Id*. at 3. Plaintiff offers nothing but speculative allegations to the contrary. Further, Plaintiff has not demonstrated that a contract between Mr. Richardson and Alutek is forthcoming, the ultimate reason to necessitate a TRO. As Plaintiff has not demonstrated a breach of contract, it has not demonstrated a likelihood of success on the merits.

Likewise, Plaintiff has not demonstrated a likelihood of irreparable injury in the absence of preliminary relief, as it has not demonstrated that Mr. Richardson will contract with Alutek. *Winter*, 555 U.S. at 20. Nor has it shown that a balancing of the hardships weighs in its favor, as it has made no demonstration that it faces a hardship based on Mr. Richardson's alleged breach of his employment

contract. *Id.* Finally, while Plaintiff argues that the public has an interest in enforcing contracts, it has not demonstrated a breach. *Plan Servs. v. Evolution1, Inc.*, No. C13-1986-JCC, 2013 WL 12092543, at *8 (W.D. Wash. Dec. 31, 2013); *Winter*, 555 U.S. at 20.

For the reasons set forth, Plaintiff's motions for a temporary restraining order are denied with leave to file a later motion for injunctive relief.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motions for Temporary Restraining Order (ECF Nos. 5, 21) are **DENIED**.

2. Plaintiff's Motions to Expedite Hearing on Motion for Temporary Restraining Order (ECF Nos. 6, 22) are **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 21, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER ~ 10